IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN E. FULLER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 8:09-CV-00377-LSC-FG3 |
| vs. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the government's Motion (Doc. 44) for leave to take a second deposition of plaintiff, Dr. Jonathan E. Fuller. The court has considered the materials submitted in support of the motion, together with Dr. Fuller's response in objection (Doc. 46) and the government's reply brief (Doc. 48).

In this action, Dr. Fuller seeks the recovery of penalties and interest assessed against him for the tax years ending December 31, 2001 and 2002 in conjunction with the creation of the offshore Fuller Family Trust located in Nevis, West Indies. The government contends that penalties and interest were properly assessed against Dr. Fuller for failure to comply with certain disclosure requirements. Dr. Fuller alleges that he is not liable for the penalties because his failure to file the required disclosure forms was "due to reasonable cause and not due to willful neglect," and he reasonably believed he had accurately completed all required tax forms and fully complied with the tax laws. (Doc. 6, Amended Complaint at ¶¶ 31-32).

In March 2010, the government served requests for production of documents, including "All documents concerning the federal tax implications of the Fuller Family Trust received or acquired by you on or before March 16, 2005," "All documents concerning your federal reporting requirements concerning the Fuller Family Trust received or acquired by you on or before March 16, 2005," and "[a]ll documents you relied upon prior to March 16, 2005, in determining whether you were in compliance with 26 U.S.C. § 6048 for the 2001 and 2002 tax years." (Doc. 44-4, Requests Nos. 5, 6 & 7). Dr. Fuller produced documents in response to these requests on April 1, 2010.

Dr. Fuller was deposed on June 3, 2010, from 11:11 a.m. to 3:11 p.m. (Doc. 44-11). After the deposition, the government served new document requests on Dr. Fuller. He answered these requests on July 21, 2010, for the first time producing the Fuller Family Trust's Trust Deed (Doc. 44-6), the "Compliance and Notification Package for United States Taxpayers" (Doc. 44-7), and invoices from First Fidelity Trust Ltd. (Doc. 44-8). Although these documents are clearly responsive to the government's March 2010 Requests Nos. 5, 6 and 7, they were not produced until after Dr. Fuller had been deposed. Dr. Fuller has not explained how these key documents came to be "overlooked" during the initial document production.

Fed. R. Civ. P. 30(a)(2)(A)(ii) provides that a party must obtain leave of court to conduct a deposition, and the court must grant leave to the extent consistent with Fed. R. Civ. P. 26(b)(2), if the deponent has already been deposed in the case. Under Fed. R. Civ. P. 30(d)(1), a deposition is limited to 1 day of 7 hours; however, "the court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

The court finds that the proposed second deposition of Dr. Jonathan Fuller is appropriate and consistent with Fed. R. Civ. P. 26(b)(2), due to Dr. Fuller's failure to timely produce key documents, and that a deposition by written questions pursuant to Fed. R. Civ. P. 31 would not suffice in this instance. In its reply brief, the government states that it is amenable to scheduling the deposition between February 4 and February 11, 2011.

**IT IS ORDERED:**

1. The government's request for expedited consideration is granted.

2. The government's Motion to Take the Second Deposition of Plaintiff Jonathan Fuller (Doc. 44) is granted.

3. Plaintiff Jonathan Fuller shall submit to a second deposition, limited to two hours, on the topics of (1) the Trust Deed, the Compliance and Notification Package, and the invoices not produced prior to his first deposition, and (2) the circumstances surround the creation of the Trust, to the extent that Dr. Fuller's post-deposition productions and written discovery responses conflict with his deposition testimony. The deposition shall be held in Omaha, Nebraska, at a time and location to be agreed upon by counsel, between February 4 and February 11, 2011.

4. A party may object to this order by filing an "Objection to Magistrate Judge's Order" no later than **January 28, 2011.** The objecting party must comply with all requirements of NECivR 72.2.

**DATED January 21, 2011.**

                **BY THE COURT:**

                **s/ F.A. Gossett, III**
                **United States Magistrate Judge**